J-S15018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE A. RUIZ | : | |
| | : | |
| Appellant | : | No. 1753 EDA 2025 |

Appeal from the PCRA Order Entered June 9, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0908941-1997

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                          **FILED JULY 20, 2026**

Jose A. Ruiz (Appellant) appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We previously summarized the relevant factual history:

On July 13, 1997, at approximately 7:30 p.m., Hiram Rojas Cuba [(the victim)] was shot multiple times in the head and chest, and he died on the sidewalk near the intersection of Hancock and Sommerset Streets in Philadelphia.  Two eyewitnesses to the shooting testified at the trial and identified [Appellant] as the shooter.  [Appellant] was approximately six feet away from the victim when he fired the first shot, and the follow-up shots were made while the shooter stood over the victim, who laid on the sidewalk.  After a bench trial, the [trial court] found [Appellant]

_____

* Former Justice specially assigned to the Superior Court.

guilty of first-degree murder[1] and sentenced [Appellant] to [an aggregate term of] life in prison without the possibility of parole.

*Commonwealth v. Ruiz*, 323 A.3d 198, 1102 EDA 2023 (Pa. Super. 2024) (unpublished memorandum at 1) (footnote added; citation omitted; some punctuation modified).

This Court subsequently affirmed Appellant's judgment of sentence. *Commonwealth v. Ruiz*, 863 A.2d 1231, 3182 EDA 2003 (Pa. Super. 2004) (unpublished memorandum). On August 22, 2005, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Ruiz*, 881 A.2d 819 (Pa. 2005). Appellant did not file a petition for writ of *certiorari* in the United States Supreme Court.

On September 16, 2005, Appellant timely filed his first PCRA petition, wherein he challenged his trial counsel's effectiveness. Following an evidentiary hearing, the PCRA court dismissed Appellant's petition. We affirmed the PCRA court's dismissal order, and our Supreme Court denied allowance of appeal. *Commonwealth v. Ruiz*, 996 A.2d 15, 42 EDA 2009 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 3 A.3d 670 (Pa. 2010).

We summarized the ensuing procedural history as follows:

On April 3, 2020, Appellant filed [a] petition/motion for DNA test[ing (petition for DNA testing),] pursuant to 42 Pa.C.S.[A.] §

---

[1] 18 Pa.C.S.A. § 2502(a). The trial court additionally convicted Appellant of one count each of carrying a firearm on public streets in Philadelphia and possessing instruments of a crime. *See id.* §§ 6108, 907.

- 2 -

9543.1. Although titled as requesting relief under Section 9543.1[,] relating to DNA testing, the contents of the petition raised issues beyond DNA testing[,] which [the PCRA court] characterized as a second or subsequent PCRA petition[, **see** 42 Pa.C.S.A. § 9543(2)(i)-(viii) (enumerating cognizable grounds for PCRA relief)].

The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on April 25, 2022, wherein Appellant was given an opportunity to address identified defects in the portions of his petition asserting standard PCRA claims. At the subsequent video status conference on June 21, 2022, Appellant acknowledged receipt of the [Rule 907] notice[,] and he indicated that he did not intend to pursue any relief except for the DNA [testing] request. Following that status conference, the PCRA court entered an order dismissing [as untimely[2]] the standard PCRA portions of the petition.

With regard to the DNA request pursuant to Section 9543.1, the PCRA court scheduled a second video conference[,] because Appellant indicated at the June conference that he had not yet received the Commonwealth's motion to dismiss Appellant's petition for post-conviction DNA testing ….[FN]

> [FN] On August 9, 2022, the Commonwealth [provided] to Appellant [a letter with attached reports (misconduct disclosure notice) indicating] that Philadelphia Police Department [H]omicide Detectives Kenneth Fleming [(Detective Fleming)] and John Rossiter [(Detective Rossiter)] were involved in [Appellant's] case and were subject to [disciplinary] investigations following allegations of misconduct.

---

[2] The PCRA requires that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final," unless the petitioner pleads and proves the applicability of an enumerated exception to the timeliness requirement, discussed *infra*. 42 Pa.C.S.A. § 9545(b). **But see Commonwealth v. Hardy**, 337 A.3d 385, 391, 418 (Pa. 2025) (observing that "[u]nlike the PCRA's express filing period[,] … Section 9543.1 does not provide any fixed period of time within which to request DNA testing"; concluding the appellant's Section 9543.1 petition was timely, and he "was authorized to file it at any time" (quotation marks omitted)).

> At the status conference on August 29, 2022, Appellant renewed his request for appointed counsel, which he first raised in [a] July 18, 2022[,] filing. … [T]he PCRA court granted Appellant's request and appointed Michael I. McDermott, Esq[uire] (PCRA counsel)[,] on Appellant's behalf.

*Ruiz*, 323 A.3d 198 (unpublished memorandum at 2-3) (citation and original brackets omitted; one footnote in original; one footnote added).

On January 3, 2023, Appellant filed a *pro se* "Motion for Change of Appointed Counsel" (motion to substitute counsel). Therein, Appellant averred that he advised PCRA counsel of the misconduct disclosure notice, about which PCRA counsel responded, "I'll look into it, but nothing yet." Motion to Substitute Counsel, 1/3/23, ¶ 5. Appellant claimed PCRA counsel subsequently told Appellant that his motion for DNA testing was meritless. *Id.* ¶ 9. Appellant alleged PCRA counsel's ineffectiveness and requested that the PCRA court appoint substitute counsel. *Id.* ¶¶ 9-11.

The matter proceeded to a status conference on February 17, 2023. At the conference, PCRA counsel provided Appellant and the PCRA court with a no-merit letter (subsequently filed on February 22, 2023), pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). N.T., 2/17/23, at 3.[3]

_____

[3] PCRA counsel opined in his no-merit letter that while "the DNA testing may eliminate [Appellant] as the source of DNA recovered from the victim's clothing and the blood samples[,] it will not be sufficient to exonerate [Appellant] of the crime." No-Merit Letter, 2/22/23, at 4 (unpaginated). PCRA
*(Footnote Continued Next Page)*

- 4 -

Following a colloquy, Appellant withdrew his motion to substitute counsel. ***Id.*** at 4-6.

On February 24, 2023, the PCRA court filed Rule 907 notice of its intent to dismiss Appellant's petition for DNA testing. Appellant filed a *pro se* response, again alleging PCRA counsel's ineffectiveness, based on, *inter alia*, PCRA counsel's failure "to address the issue/claim of police misconduct concerning the officers assigned to [Appellant's] case[.]" Response, 3/24/23, ¶ 2(b). The PCRA court formally dismissed Appellant's petition for DNA testing on April 18, 2023.

Appellant, *pro se*, timely filed a notice of appeal. Appellant subsequently filed several applications for relief in this Court, most of which are irrelevant to the instant appeal. However, on November 8, 2023, Appellant filed an application for relief, which requested, *inter alia*, that we direct the PCRA court to supplement the certified record with various documents. ***See generally*** Application for Relief, 11/8/23; ***see also*** Order, 12/4/23 (directing the PCRA court to certify and transmit to this Court a missing transcript, but denying Appellant's other requested relief). Relevantly, for the first time in any court

---

counsel's no-merit letter did not address the misconduct disclosure notice. ***See generally id.*** Additionally, PCRA counsel's no-merit letter did not contain a request to withdraw as Appellant's counsel, and PCRA counsel did not file a separate motion to withdraw. Consequently, this Court previously remanded the case for the PCRA court to resolve Appellant's representation status. The PCRA court ordered PCRA counsel's appearance on behalf of Appellant withdrawn on September 12, 2023.

filing, Appellant attached to his application for relief a copy of the misconduct disclosure notice. *See id.*, Attachment. The misconduct disclosure notice consisted of a letter from the Philadelphia District Attorney's Office and several reports, prepared by the Internal Affairs Division of the Philadelphia Police Department, which detailed administrative findings of misconduct against Detectives Fleming and Rossiter. *Id.*

Pertinently, on appeal, Appellant raised the issue of whether PCRA counsel rendered ineffective assistance by

> failing to investigate and raise a claim concerning the circumstances and the relevance of evidence relating to homicide detectives who were involved in investigating this case and have engaged in misconduct that necessitated disclosure by the Philadelphia District Attorney's Office under *Brady v. Maryland*, 373 U.S. 83 (1963)?

*Ruiz*, 323 A.3d 198 (unpublished memorandum at 4) (brackets and citation omitted); *see also id.* (noting Appellant argued the misconduct disclosure notice constituted "newly[-]discovered evidence which [was] 'unknown' to [Appellant] and could not have been ascertained by the exercise of due diligence."); 42 Pa.C.S.A. § 9543(b)(1)(ii) (newly-discovered facts exception).

We determined Appellant's request for PCRA relief was untimely, reasoning as follows:

> [W]hile the newly-discovered facts timeliness exception at Section 9545(b)(1)(ii) does not require a "'direct connection' between the newly-discovered facts and the claims asserted by the petitioner," there must be "some relationship between the two." *See Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018). Here, Appellant did not explain how the "new facts"— *i.e.*[,] allegations concerning misconduct by Detective[] Fleming

- 6 -

and [Detective] Rossiter …—were specifically related to his case. *See id.* Therefore, Appellant has failed to properly invoke the newly-discovered fact exception.

*Ruiz*, 323 A.3d 198 (unpublished memorandum at 8-9) (citation modified).

We further determined that Appellant could not challenge PCRA counsel's alleged ineffectiveness on appeal from the denial of his untimely-filed, second PCRA petition. *Id.* (unpublished memorandum at 9) (concluding the holding in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021),[4] does not extend to "cases which involve an untimely second PCRA petition, and *Bradley* does not provide a basis to overcome the PCRA time[-]bar." (citation omitted)).

Finally, we concluded Appellant's claim that the PCRA court erred in denying his DNA testing request merited no relief, and affirmed the PCRA court's dismissal order. *Id.* (unpublished memorandum at 14). Appellant did not petition our Supreme Court for allowance of appeal.

On March 11, 2025, Appellant, *pro se*, filed the instant, facially untimely PCRA petition, his third. Therein, Appellant averred that his trial counsel "was not provided the police misconduct or any other *Brady* evidence in this case." PCRA Petition, 3/11/25, at 4. Appellant claimed he could not have discovered the "misconduct disclosure [] evidence" until it was provided to him by the

_____

[4] The *Bradley* Court held that a PCRA petitioner may, following denial of a first PCRA petition, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. *Bradley*, 261 A.3d at 402.

- 7 -

Commonwealth. *Id.* Appellant attached to his petition a copy of the misconduct disclosure notice, which is identical to the documents attached to his November 2023 application for relief filed in his prior appeal. *Id.*, Attachment.

On May 12, 2025, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. On May 23, 2025, Appellant filed a response. On June 9, 2025, the PCRA court held a conference at which it permitted Appellant to make further argument. N.T., 6/9/25, at 6. At the conclusion of the conference, the PCRA court dismissed Appellant's third PCRA petition. Appellant filed a timely notice of appeal.[5] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following three issues:

1. Whether Appellant's due process rights were violated under *Brady*[,] where the prosecution failed to supply the defense with the misconduct history of the detectives involved in this case?

2. Whether Appellant's right to a fair trial was violated where Appellant can show after-discovered evidence of a pattern, practice[,] and custom within the Philadelphia Homicide Detectives Unit of threatening, coercing, and falsifying witnesses['] and suspects['] statements?

3. Whether Appellant's due process suffered where he did not receive an impartial and disinterested tribunal and received prosecutorial misconduct?

_____

[5] Appellant's June 24, 2025, notice of appeal contains an apparent typographical error, *i.e.*, stating the appeal is taken from a June 24, 2025, order. *See* Notice of Appeal, 6/24/25. We discern, however, that Appellant intended to appeal from the PCRA court's June 9, 2025, order dismissing his third PCRA petition.

Appellant's Brief at 5-6 (some capitalization modified).

"Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted). "[W]e review the PCRA court's legal conclusions *de novo*." ***Id.*** (citation omitted).

Before considering the merits of Appellant's claims, we must address the timeliness of Appellant's third PCRA petition. ***See Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) ("[T]he timeliness of a PCRA petition is a jurisdictional requisite." (citation omitted)). As set forth above, under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3).

Instantly, Appellant's judgment of sentence became final in November 2005, when his time for seeking direct review with the United States Supreme Court expired. ***See id.***; U.S.Sᴜᴘ.Cᴛ.R. 13 (a petition for a writ of *certiorari* is timely when filed within 90 days of the denial of discretionary review). As

Appellant filed his third PCRA petition nearly 20 years later, his petition is facially untimely.

Nevertheless, a court may consider an untimely PCRA petition if the petitioner pleads and proves one of three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

To properly invoke the newly-discovered fact timeliness exception, the petition must plead and prove two prongs: "(1) the facts upon which the claim was predicated were unknown[;] and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (citation omitted).

"To plead and prove the governmental interference exception, [the petitioner] must show 'the failure to raise the claim previously was the result of interference by government officials.'" *Commonwealth v. Reeves*, 296 A.3d 1228, 1231 (Pa. Super. 2023) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)). "In other words, [the petitioner] is required to show that but for the

interference of a government actor 'he could not have filed his claim earlier.'"

***Commonwealth v. Staton***, 184 A.3d 949, 955 (Pa. 2018) (quoting ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008)).

Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***see also Commonwealth v. Mickeals***, 335 A.3d 13, 20 (Pa. Super. 2025) ("[I]f a [PCRA] petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims." (citation omitted)).

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). Significantly, "[e]xceptions to the time[-]bar **must be pled in the PCRA petition, and may not be raised for the first time on appeal**." ***Commonwealth v. Thomas***, 340 A.3d 1053, 1058 n.3 (Pa. Super. 2025) (emphasis added; quoting ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007)).

Relevant to our timeliness analysis in the instant case, the PCRA additionally requires that, to be eligible for relief, the petitioner must show that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "An issue is previously litigated if 'the highest appellate court in which [the appellant] could have had review as a matter of right has ruled on the merits of the issue.'" ***Commonwealth v. Cousar***, 154

- 11 -

A.3d 287, 296 (Pa. 2017) (quoting 42 Pa.C.S.A. § 9544(a)(2)). Our Supreme Court has explained that a PCRA petitioner "cannot obtain post-conviction review of claims that were previously litigated by alleging ineffectiveness of prior counsel and presenting new theories to support the previously litigated versions of the claims." ***Commonwealth v. Lambert***, 797 A.2d 232, 240 (Pa. 2001) (citations omitted); ***see also Commonwealth v. Bond***, 819 A.2d 33, 39 (Pa. 2002) ("a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief, including allegations of ineffectiveness, to relitigate previously litigated claims.").

"[A] PCRA claim is waived 'if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding.'" ***Commonwealth v. Koehler***, 36 A.3d 121, 161 (Pa. 2012) (quoting 42 Pa.C.S.A. § 9544(b)).

In its Rule 1925 opinion, the PCRA court accurately observed that Appellant's court-ordered Rule 1925 concise statement "only raises three issues concerning alleged ineffectiveness of … PCRA counsel for failing to address issues and claims relating to detectives referenced in [the] misconduct disclosure notice …." PCRA Court Opinion, 8/18/25, at 1-2.

Consequently, the PCRA court only addressed PCRA counsel's alleged ineffectiveness.[6]

The PCRA court opined that Appellant's argument that PCRA counsel was ineffective for failing to raise issues regarding the misconduct disclosure notice

> was previously litigated … in connection with [Appellant's] second PCRA petition, and the holding issued thereon … is binding and cannot be relitigated in a new PCRA petition. **See Ruiz**, 323 A.3d 198 (unpublished memorandum at 8-9). ….
>
> The [PCRA] court identified, in [its May 12, 2025,] Rule 907 notice, that [Appellant] did not adequately allege an exception to the timeliness provision of the PCRA. Thereafter, the [PCRA] court held a status hearing on June 9, 2025. During the hearing, the court discussed the [**Ruiz**] Court's prior ruling[] and gave [Appellant] an opportunity to explain why his third PCRA petition … should not be dismissed on timeliness grounds. [Appellant] was unable to show that his petition alleged and proved an exception to the PCRA's jurisdictional time-bar.

PCRA Court Opinion, 8/18/25, at 1-2 (some citations omitted; citation, punctuation, and capitalization modified).

Upon review, the PCRA court accurately characterized our prior holding in **Ruiz**, **supra**, and we agree with the PCRA court's legal conclusions. **See Maxwell**, 232 A.3d at 744.

_____

[6] As we conclude Appellant's third PCRA petition is patently untimely, and that Appellant has failed to prove an exception to the PCRA's time-bar, we need not address whether Appellant has otherwise preserved the issues presented in his brief. **See, e.g.**, **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.").

In preparing his third PCRA petition, Appellant utilized a standardized preprinted form petition. *See generally* PCRA Petition, 3/11/25. Therein, Appellant checked boxes indicating his belief that his facially untimely petition satisfies the criteria for the governmental interference and newly-discovered facts exceptions to the PCRA's one-year time-bar. *Id.* at 3; *see also* 42 Pa.C.S.A. § 9545(b)(1)(i), (ii). However, the only facts Appellant pled in his petition that could arguably support his timeliness arguments were that (1) his trial counsel "was not provided the police misconduct or any other *Brady* evidence in this case";[7] (2) PCRA counsel "fail[ed] to amend [Appellant's second] PCRA [petition] to include new evidence"; and (3) Appellant "could not have obtained [the misconduct disclosure notice] until it was provided to me by the [Commonwealth.]" *Id.* at 4, 7.

As outlined above, this Court previously determined that Appellant could not rely on *Bradley*, *supra*, to challenge PCRA counsel's effectiveness in his untimely-filed, second PCRA petition. *Ruiz*, 323 A.3d 198 (unpublished memorandum at 9). We additionally concluded that Appellant failed to properly invoke the newly-discovered facts exception, as he "did not explain how the 'new facts' … were specifically related to his case." *Id.* at (unpublished memorandum at 8-9).

---

[7] Upon review, we observe that the misconduct disclosure notice does not indicate whether Detectives Fleming's and Rossiter's misconduct occurred prior to Appellant's trial.

- 14 -

Instantly, Appellant attached to his third PCRA petition the same misconduct disclosure notice (detailing the same misconduct committed by Detectives Fleming and Rossiter)[8] that he relied upon in his prior appeal. *See* PCRA Petition, 3/11/25, Attachment; Application for Relief, 11/8/23, Attachment. Appellant has failed to establish that his invocation of the newly-discovered facts exception was not previously litigated, or that he could not have invoked the governmental interference exception in connection with the

---

[8] We note that in his appellate brief Appellant additionally identifies Philadelphia Police Detective James Pitts (Detective Pitts), as a law enforcement officer involved in Appellant's case who had subsequently been found to have engaged in official misconduct. *See* Appellant's Brief at 19-23, 36. Appellant offers no explanation for how he came to discover Detective Pitts's misconduct, nor does he explain how his discovery of Detective Pitts's misconduct satisfies a PCRA timeliness exception. *See generally id.* In its brief, however, the Commonwealth represents that, in August 2025, it provided Appellant with an updated misconduct disclosure notice indicating Detective Pitts "had [been] investigated [for] conduct outside of [Appellant's] case." Commonwealth Brief at 9; *see also id.* at 16 (stating Detective Pitts's "involvement in this case was limited to recording the statement of [a police officer] about his role in the investigation, specifically [the officer's] management of the crime scene.").

We are not in a position to address Appellant's underdeveloped claim regarding Detective Pitts, which he raises for the first time on appeal. Appellant may seek relief from the PCRA court when it regains jurisdiction. *See Commonwealth v. Tyler*, 234 A.3d 750, 752 (Pa. Super. 2022) (observing that a PCRA court is precluded from considering a "subsequent PCRA petition while [an] appeal of [a] prior PCRA petition is pending." (citation omitted)); 42 Pa.C.S.A. § 9545(b)(2) (providing that a claim pleading an exception to the PCRA's time-bar must be raised within one year of the date the claim could have been presented); Pa.R.A.P. 302(a) (stating a claim cannot be raised for the first time on appeal).

misconduct disclosure notice.[9]  **See** 42 Pa.C.S.A. § 9544(a), (b).  Accordingly, we conclude Appellant's invocation of the newly-discovered facts exception and the governmental interference exception, both of which rely upon the misconduct disclosure notice, are previously litigated and waived, respectively.

As Appellant has otherwise failed to plead and prove an exception to the PCRA's time-bar, the PCRA court correctly dismissed as untimely Appellant's third PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/20/2026

_____

[9] Appellant did not allege in his third PCRA petition any facts or information concerning the Commonwealth's purported interference with Appellant's ability to raise his claim concerning police misconduct.  **See Thomas**, 340 A.3d at 1058 n.3 (stating the facts supporting the applicability of PCRA time-bar exceptions must be pled in the PCRA petition).  To the extent Appellant asserts the governmental interference exception in an attempt to circumvent the **Ruiz** Court's conclusion that the misconduct disclosure notice did not satisfy the newly-discovered fact exception, we reiterate that "a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief … to relitigate previously litigated claims." **Bond**, 819 A.2d at 39.